UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF: | CIVIL ACTION |
| PERICONE, NICHOLAS PETER | NO. 07-9686 |
| DEBTOR | SECTION "F" |

ORDER AND REASONS

Before the Court is the Debtor's motion for leave to appeal two orders of the United States Bankruptcy Court of the Eastern District of Louisiana. For the reasons that follow, the motion is GRANTED.

On November 23, 2005, Nicholas Pericone filed a voluntary petition under Chapter 7 of the Bankruptcy Code. After an initial distribution of assets of the Debtor, the case was reopened because in January of 2007, Mr. Pericone learned that he was entitled to inherit one fourth of his father's succession, valued between $200,000 and $300,000.

On April 30, 2007 the Trustee, Daniel A. Smith, filed an application to employ himself, as counsel, to represent himself, as Trustee, in the proceedings regarding Mr. Pericone's share in the succession. The application was granted. The bankruptcy court, without reasons, held that Smith was a "disinterested" person. On May 15, 2007, Daniel Smith, in his role as attorney, filed a complaint for turnover of the succession in trust. The following day Mr. Smith filed an adversary case: a motion for turnover, in his role as Trustee. Mr. Smith subsequently filed a motion to withdraw the motion for turnover property on May 24, 2007.

On October 17, 2007 Mr. Pericone moved to reconsider the April 30, 2007 bankruptcy court

order approving the employment of Daniel A. Smith and the law firm of Healey & Smith as Attorney for the Trustee. On November 27, 2007, bankruptcy Judge Magner denied the motion. Finally, on December 4, 2007, the bankruptcy court approved the application of Daniel A. Smith for final allowance of attorney's fees and reimbursement of expenses. The order specified that Smith receive a "contingent" fee of $25,000, again, without reasons, and be reimbursed $129.40. The bankruptcy court approved a payment from the succession of $75,000 to the estate. The Debtor now seeks leave to appeal the bankruptcy court's orders.

### I. Appealability of Interlocutory Orders By Leave of Court

Section 158 of the Bankruptcy Code provides that:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, for interlocutory orders and decrees, or

Courts are at times reluctant to grant interlocutory appeals because they can interfere with the overriding premise of the Bankruptcy Code: to provide swift resolution of serious economic difficulties. In re Hunt Int'l Res. Corp., 57 B.R. 371, 372 (N.D.Tex.1985); Escondido Mission Vill. L.P. v. Best Prod. Co., Inc., 137 B.R. 114, 116 (S.D.N.Y. 1992). "Interlocutory appeals", it has been observed, "should be granted only in exceptional situations where allowing such an appeal would avoid protracted and expensive litigation." In re Turner, No. 96-1102, 1996 WL 162110, at *1 (E.D.La. April 3, 1996); Powers v. Montgomery, 1998 WL 159944, at *2 (N.D. Tex. April 1, 1998)("Leave to appeal a bankruptcy court's interlocutory order should be granted only in circumstances which justify overriding the general policy of not allowing such appeals."); Escondido, 137 B.R. at 116. Thus, leave to appeal under Section 1292 (b) should be limited to situations "in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." McFarlin v.

Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).

A.

In the present case, the bankruptcy court's findings of fact are neither sufficiently clear nor detailed enough for the Court to rule. This Court is unable to determine from the record whether the bankruptcy court's order involves a controlling question of law for which there is substantial ground for a difference of opinion. The bankruptcy court's order of April 30, 2007 concludes that "it appear[s] that Daniel A. Smith is a disinterested person and that his employment is in the best interest of the estate and its economical administration..." However, the bankruptcy court provides no legal standard, and no findings of fact that would instruct this Court as to how the bankruptcy court arrived at its conclusion, or how one who names himself as counsel for himself as Trustee is a "disinterested" person.[1]

II. Bankruptcy Court Order Granting Application for Compensation

Mr. Pericone's appeal regarding the Trustee's application for compensation is also properly before the Court.

In addition to arguing that Smith should never have been appointed counsel for himself, Mr. Pericone argues that the attorney's fee charged by Smith was excessive and unreasonable, considering the amount of work he performed. The fee was called a "contingent" fee and no reasons were given as to why it was a reasonable fee.

Under § 328(a) of the Bankruptcy Code, an attorney may seek court approval of a compensation plan prior to representing a bankruptcy estate: "The Trustee...may employ or authorize employment of a professional person under section 327 or 1103 of this title...on any reasonable

---

[1] Or, for that matter, why separate counsel for the Trustee was not considered.

terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." In re National Gypsum Co., 123 F.3d 861, 862 (5th Cir. 1997). Section 328(a) further provides that, after a compensation plan has received court approval:

> the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a). Determining whether an attorney's fee was improvident under § 328(a), the Fifth Circuit has considered the importance of specific factors, such as the eventual size of a claim, the ease with which a judgment was obtained, and the ease with which a judgment was collected. In re Barron, 325 F.3d 690, 693-94 (5th Cir. 2003). In In re Barron, the Fifth Circuit upheld a contingent fee arrangement even though the original agreement "did not anticipate the substantial amount of the subsequent recovery", the adversary proceeding "became a slam dunk", and the judgment was collected with "relative ease." Id. at 693. The Fifth Circuit emphasized that the developments concerning the terms and conditions of employment could have been anticipated at the time the fee arrangement was approved. Id.

In the present case, the bankruptcy court issued an order approving Smith's application for order approving employment on April 30, 2007. Mr. Smith's application, filed the same day, specified the fee to be earned: "...a contingency fee of one third of gross recovery, plus costs, subject to fee application..." Thus, to succeed in his request that the Court reduce Mr. Smith's fees, Mr. Pericone must demonstrate that the contingent fee arrangement authorized by the bankruptcy court's order was improvident in light of developments not capable of being anticipated at the time of fixing these terms.

Based on the record presented to this Court, the bankruptcy court's findings of fact are

neither sufficiently clear nor detailed enough for this Court to determine whether the contingency fee authorized by the bankruptcy court was improvident. Neither the April 30, 2007, nor the December 4, 2007 orders of the bankruptcy court provide any findings of fact that support the court's orders.

Accordingly, the Court REMANDS the case to the bankruptcy court to provide sufficient findings of fact and conclusions of law consistent with this Order and Reasons.

New Orleans, Louisiana, February 28, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE